### Julia Strehlow, Appellee, v. Aetna Life Insurance Company, Appellant.

### Gen. No. 5,809.

INSURANCE, § 667*—*sufficiency of evidence as to cause of death*. In an action on an insurance policy payable to beneficiary of insured in case of his death "resulting directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means," a verdict of the jury on conflicting evidence finding that deceased died of diabetes caused by an accidental injury, *held* sustained by the evidence.

Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1913. Affirmed. Opinion filed October 17, 1913.

EVANS & EVANS, for appellant.

STEVENS, MILLER & ELLIOTT and QUINN, QUINN & McGRATH, for appellee.

Mr. JUSTICE CARNES delivered the opinion of the court.

On the night of June 5, 1911, Robert Strehlow was awakened from his sleep by a cry of fire, and saw through his window the house of a neighbor burning. He sprang out of bed, partially dressed and started for the fire. On his way he ran against a large iron kettle, fell over it bruising his abdomen and lower

limbs.   He was helped back to his house but soon re-
turned to the fire and stayed until the buildings were
burned, then returned home.   He complained of dis-
tress and pain during the night and his wife and daugh-
ter administered home remedies.   A physician was
called the next morning and attended him several days.
He was unable to work at his store for one week and
not able to perform all the duties of his occupation
for several days thereafter.   There was no external
appearance of injury a few days after the accident.
He was fifty-six years old and had before that time
been a man of apparently good health, but after the
accident his physical and mental appearance was no-
ticeably bad.   August 7, 1911, (sixty-three days after
the accident) while at his store he suddenly became un-
conscious, and in a state of coma remained there until
he died on August 8th, never having regained conscious-
ness.   Two physicians attended him during this time
of unconsciousness and thought that he died of dilata-
tion of the heart due to the injuries received in the fall
in June.   After his death an autopsy was held which
disclosed beyond much question that he died of dia-
betic coma.

He held two policies of insurance issued by appel-
lant, Aetna Life Insurance Company, in favor of ap-
pellee, Julia Strehlow his wife, payable in case of his
death "resulting directly and independently of all
other causes from bodily injuries effected solely
through external, violent and accidental means."   She
brought this action to recover on those policies and had
verdict and judgment for the full amount thereof.
The court instructed the jury, if it appeared from the
evidence that death was in part caused by disease ex-
isting at the time of the accident and in part by in-
juries from the accident, plaintiff could not recover;
that if there was a pre-existing disease, then if such
injuries caused such disease to become acute and from
such disease he went into a state of coma and died,

still this would not entitle the plaintiff to recover. In short the court instructed the jury in accordance with appellant's theory of the law, and in accordance with the conclusions of law reached by this court in *Crandall v. Continental Casualty* Co., 179 Ill. App. 330. The question presented is whether the disease of diabetes, of which deceased died, was caused by the accidental injury; if it was, appellee was entitled to recover. *Crandall v. Continental Casualty Co., supra.*

Several physicians testified for each of the parties to the suit, some of them of such standing and experience in their profession as to command great respect and confidence. It would serve no useful purpose to review in detail their evidence. It is sufficient to say that it seems reasonably certain from their conflicting testimony that deceased died of diabetes; that the disease may have been of traumatic origin, the result of the physical injury, or it may have been from a nervous shock, the result of excitement occasioned by the sudden awakening, etc., or it may have been of long standing and aggravated by these occurrences; if of long standing, there was nothing apparent in the patient's condition before the accident to indicate it, but that might be true.

While we are satisfied from the evidence that the cause of death may have been the accidental injury, and there was evidence that it was, and the court did not err in refusing appellant's motion to direct a verdict in its favor, it is more doubtful whether the preponderance of the evidence is in favor of that conclusion, and we have carefully considered the question whether the court erred in denying appellant's motion for a new trial. The jury were the judges of the weight of the evidence, and their verdict should not be disturbed by any court merely because the judge or judges thereof would, if charged with the duty of jurors, find otherwise. If verdicts were to be set aside merely because the judge would not have so

found the facts there would be little use in jury trials. In this case the moving picture of good health, accidental physical injury, bad health and death, all in a period of nine weeks, is evidence tending to prove cause and effect; with conflicting expert testimony juries would naturally so find, and on this record we are of the opinion it is not the duty of any court to disturb that finding.

The judgment is affirmed.

*Affirmed.*